## WILLIS et al. v. VICTORIA BANK & TRUST CO.

### No. 2642.

Court of Civil Appeals of Texas. Beaumont.
Nov. 22, 1934.

Rehearing Denied Dec. 5, 1934.

Edwin Hawes, Jr., of Wharton, for appellants.

H. W. Wallace, of Cuero, and Proctor, Vandenberge, Crain & Vandenberge, of Victoria, for appellees.

COMBS, Justice.

Appellant J. C. Willis is sheriff of Wharton county, Tex., and the other appellant, American Indemnity Company, a Texas corporation with its home office in Galveston, Tex., is surety on his official bond. This suit was brought by appellee Victoria Bank & Trust Company, as plaintiff, in the district court of Victoria county, Tex., against Willis and his official bondsmen as defendants, as an action for damages alleged to have been sustained by reason of a false return made by Sheriff Willis on a citation returnable to the

district court of Victoria county. Appellants, by separate pleas, asserted their privilege to be sued in their respective home counties. The pleas were duly controverted by appellee. Upon a hearing of the pleas of privilege, both were overruled by judgment of the trial court, and this is a joint appeal from that judgment.

The first five assignments are to the general effect that plaintiff did not plead a cause of action against the defendants. These assignments are overruled. Plaintiff's petition, which was made a part of the controverting pleas, covers twenty-two pages of the transcript, and we will not attempt to set it out at any length. Briefly stated, the gist of the petition is: That on February 9, 1931, Victoria Bank & Trust Company, being the owner of a note executed by C. D. Kemp and three other persons, filed its suit No. 6476 in the district court of Victoria county against Kemp and the other makers for collection of the note. The defendants all being residents of Wharton county, citations were duly issued in that suit by the clerk of the district court of Victoria county and mailed to appellant Willis for service on the defendants. Sheriff Willis obtained personal service on three of the defendants, but did not serve C. D. Kemp. However, Sheriff Willis made his official return on the original citation showing service on all defendants, including C. D. Kemp, by delivery of a true copy of the citation to each in person. This return was mailed by Sheriff Willis to the attorneys for the bank at Victoria, and they received it on or about February 15, 1931. The district court of Victoria county, to which the citation was returnable, convened on April 27, 1931. Plaintiff's counsel, relying upon the correctness of the return and without knowledge of its falsity as to the service on C. D. Kemp, filed it with the clerk of the district court of Victoria county, and on April 28, 1931, the bank took judgment by default against all of the defendants, jointly and severally, including the said C. D. Kemp, for its debt in the sum of $5,440.38. It is alleged that neither plaintiff nor its attorneys knew of the falsity of the sheriff's return prior to May 18, 1931, but in good faith relied upon it; that upon entry of the judgment in its favor, as aforesaid, plaintiff caused it to be abstracted in Wharton county; that at the time of the abstracting of the judgment C. D. Kemp owned and possessed large and valuable tracts of real estate in Wharton county, including certain lands particularly described in the petition, of the value of $15,000 and having a reasonable value over and above all liens against

them in excess of the plaintiff's judgment, with interest and costs; that, had plaintiff's judgment been valid, as it would have been had the facts recited in the sheriff's return been true, it would have fixed a lien on the properties of the defendant C. D. Kemp, and plaintiff could have and would have thereby fully satisfied its said judgment out of the properties of the said C. D. Kemp. That all of the other defendants were at the time of the taking of the judgment, and have been at all times since, wholly insolvent. It is alleged that about May 18, 1931, the plaintiff learned that the said C. D. Kemp had not been served with citation, and that the return on the citation made by Sheriff Willis showing service on the said Kemp was false. That, by reason of the fact that said C. D. Kemp had not been served with citation, plaintiff's judgment obtained against Kemp was invalid, and upon its motion the same was set aside and an alias citation issued and served upon the said C. D. Kemp for the following term of the district court of Victoria county; that at the following term, which was the November term of court, a valid judgment was obtained against Kemp and the other defendants, but that in the meantime said C. D. Kemp had, by various instruments, fixed liens upon and disposed of his properties, including the land described in the pleading; that more than four months after the abstracting of the original judgment C. D. Kemp was adjudged a bankrupt, and plaintiff, although prosecuting its claim with due diligence realized only $2,600 on its judgment. That by reason of the false return and the resulting invalidity of the first judgment, plaintiff's loss and damage amounted to $3,300; that said return was falsely and fraudulently made, in that defendant Willis knew at the time it was made that Kemp had not been served, or, if he did not know it, he could have ascertained such fact by the use of reasonable diligence. The prayer is for judgment against the sheriff and his bondsmen jointly and severally for the damages thus sustained.

There is no merit in appellants' contention that the petition did not state a cause of action. The lengthy pleading which we have but briefly summarized above set forth in detail the making of the false return by the defendant Willis and the loss and damage alleged to have been caused plaintiff thereby. If, as charged, the false return was made, then by operation of the statute, irrespective of any common-law liability, the plaintiff has a cause of action against Sheriff Willis for any damage sustained by reason of such false return. Article 6873, R. S. 1925.

We overrule appellants' further assignment that the evidence did not establish a cause of action. Article 6873, R. S. 1925, above referred to, reads: "Each sheriff shall execute all process and precepts directed to him by legal authority, and make return thereof to the proper court, on or before the day to which the same is returnable; and any sheriff who shall fail so to do, or who shall make a false return on any process or precept shall, for every such offense, be liable to be fined by the court to which such process is returnable, as for a contempt, not exceeding one hundred dollars at the discretion of the court, which fine shall go to the county treasury; and such sheriff shall also be liable to the party injured for all damages he may sustain."

Since the case is yet to be tried on the merits, we will not discuss the evidence further than to say we think it established prima facie the material allegations of the petition. It is without dispute that Sheriff Willis made the return on the citation showing service on Kemp. Sheriff Willis, testifying as a witness, admitted that the citation had not been served on Kemp, but that, as he afterwards learned, his deputy had merely left a copy of the citation with Mr. Kemp's wife. We think the evidence also shows, prima facie at least, that plaintiff sustained damage as a result of the false return.

Appellants' further contention that, even though appellee pleaded and established prima facie by the evidence a cause of action for damages by reason of the false return, nevertheless said cause of action does not come within any of the exceptions to exclusive venue in one's own county enumerated in article 1995, R. S. 1925, is not well taken. We think the cause of action is maintainable in Victoria County as against Sheriff Willis under subdivision 7 of article 1995. Subdivision 7, as amended by Acts 40th Leg., 1st Called Sess., p. 197, c. 72, § 1 (Vernon's Ann. Civ. St. art. 1995, subd. 7), reads: "In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought in the county where the fraud was committed or where the defalcation occurred, or any of such suits may be brought where the defendant has his domicile." It will be noted that the exception applies "in all cases of fraud." Previous to the amendment of 1927 the exception applied "in all cases of fraud and defalcation of public officers." Rev. St. 1925, art. 1995, subd. 7. As we construe it, the amendment did not have the effect of repealing the provision which applied to the fraud of public officers, as contended by appellants. Instead the amendment simply enlarged the exception to apply to all cases of fraud, including fraud committed by public officers. In the case before us the false return was made to the district court of Victoria county. Under the law it was returnable to that county. Under the allegations of the pleadings, the return showing service on C. D. Kemp was falsely and fraudulently made to the district court of Victoria county. The allegedly fraudulent conduct in making the false return, and which forms the basis of the cause of action, was committed in Victoria county, and the suit as against the appellant Willis comes within the provisions of subdivision 7 of the venue statute.

The appellant American Indemnity Company insists that, even though the suit is maintainable in Victoria county as against Sheriff Willis, nevertheless it is entitled to have its plea of privilege sustained, in that its surety bond does not obligate it to answer or perform its contract elsewhere than in its own county of Galveston. True, the bond does not specify any place of payment, but it is a surety bond guaranteeing the faithful performance of duty by the principal. It is evident that, should a judgment be obtained against Sheriff Willis, the principal in the bond in this case, the interest of his surety would necessarily be affected. Since, as we have already held, the suit is properly maintainable in Victoria county as against Sheriff Willis, we think that the suit is also maintainable against the appellee American Indemnity Company in that county under the exception mentioned in subdivision 29a, art. 1995, Vernon's Ann. Civ. St. Clearly, the bonding company is a "necessary party" within the meaning of the exception. Fox v. Cone, 118 Tex. 212, 13 S.W.(2d) 65; Boyd v. Genitempo (Tex. Civ. App.) 260 S. W. 934; Rowan v. Wurzbach (Tex. Civ. App.) 44 S.W.(2d) 1033.

Finding no error, the judgment of the trial court overruling the pleas of privilege is in all things affirmed.