**Dorothy Faye MOODY**

v.

**John RAINEY et al.**

No. 7107.

Court of Civil Appeals of Texas.

Amarillo.

March 5, 1962.

Rehearing Denied March 26, 1962.

R. L. Templeton, Wellington, for appellant.

Paul Spillman, Wellington, for appellees.

DENTON, Chief Justice.

Appellant, Dorothy Faye Moody, a married woman whose disability of coverture has been removed, sought recovery of damages from appellee, John Rainey, sheriff of Collingsworth County, Texas, and United States Fidelity and Guarantee Company, the surety on Rainey's official bond. Mrs. Moody seeks damages alleged to have resulted from Rainey's altering and changing the return of a writ of habeas corpus by which Mrs. Moody sought custody of her two minor children. She contends that as a result of the changes made on the returns, the persons allegedly illegally restraining the children did not appear at the hearing originally set and that the delay allowed her husband to secrete the children from her. Money expended in locating the children plus damages for mental pain and

suffering were prayed for. The trial court granted appellee's motion for summary judgment and denied appellant all relief prayed for.

Appellant brings forward five points of error which in effect complain of the trial court granting appellee's motion for a summary judgment on the grounds there are material issues of fact; that appellee's pleadings failed to point out defects in appellant's petition; and that it was improper to act on the motion for summary judgment before passing on special exceptions to appellant's petition

■ It is fundamental that in hearing a motion for summary judgment the trial court considers affidavits, depositions and other evidence before it for the purpose of determining whether or not there is a genuine and material fact issue presented, and whether or not the moving party is entitled to judgment as a matter of law. Haley v. Nickels (Civ.App.) 235 S.W.2d 683 (no writ history); Fricke v. Wagner (Civ. App.) 315 S.W.2d 584 (refused n. r. e.); Allen v. F. W. Woolworth Co. (Civ.App.) 315 S.W.2d 612 (refused n. r. e.).

■ The only testimony in the record consists of the depositions of Mrs. Moody and Mr. Rainey, the two parties to this appeal. It is to be noted that the surety company is not a party to this appeal. These depositions together with the pleadings and the petition for writ of habeas corpus, the writ and the returns constitute all the summary judgment evidence before us. The basic question is whether or not Sheriff Rainey made a false, fraudulent and untrue return on the writ of habeas corpus. After examining all the evidence we conclude there is no material fact issue to be decided. We find no conflict in the testimony of the parties and the instruments are a part of this record. It is admitted that Rainey personally served Mr. and Mrs. J. F. Moody, the paternal grandparents of the two minor children, and Forrest Moody, the father of the minor children. The returns so reflected, and after they had been filed in the district clerk's office, Rainey withdrew the citations and marked through the names of the Moodys. The writs were then served on Rainey by the local constable. This fact is evidenced by the returns signed by the constable and the sheriff freely admitted these changes were made. We therefore conclude the facts are undisputed.

Vernon's Ann.C.C.P., Art. 113, describes a writ of habeas corpus as "* * * an order issued by a court or judge of competent jurisdiction, directed to any one having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint." Art. 114, C.C.P., provides "The writ runs in the name of 'The State of Texas.' It is addressed to a person having another under restraint, or in his custody * * *."

In the instant case two writs were issued: one purportedly was addressed to Mr. and Mrs. J. F. Moody and the other to Forrest Moody; however both writs were in fact addressed to John Rainey, appellee, and directed Rainey "to produce and have before Lewis M. Goodrich, Judge of the 31st District Court * * * the person and body of Mr. and Mrs. J. F. Moody, illegally restraining Brenda Faye and Gwendolyn Moody *whom it is alleged you illegally restrain of his liberty, when and where you will show why you hold the said Mr. and Mrs. J. F Moody in custody and restrain him of his liberty*." (Emphasis added.) The language of the other writ was identical but it was arranged in slightly different order, and the name Forrest Moody appeared instead of Mr. and Mrs. J. F. Moody. These writs were obviously incorrectly drawn. They were misdirected to Rainey who admittedly did not have any of the persons named in his custody. Rainey timely filed an instrument advising the trial court he did not have any of the per-

sons named in his custody. Under these uncontroverted facts we can not say Rainey made a false or untrue return. It appears he was simply making an effort to comply with the writ when he requested the constable to execute the citation. The original service on the Moodys was of no force and effect in that the returns did not accurately reflect the pleadings of the petition and writ itself.

Appellant relies primarily on Willis v. Victoria Bank & Trust Co. (Civ.App.) 76 S.W.2d 532 (no writ history). That case is not controlling here. It was a venue case, and it is also distinguishable from the instant case on the facts. That case involved a situation where the sheriff was called on to personally serve four defendants. Service was obtained on only three of the defendants, but the official return on the original citation showed service was had on all four defendants. After a default judgment had been obtained on all defendants jointly and severally, judgment against the defendant not served was set aside. At the time the default judgment was taken, the unserved defendant owned property subject to execution which was adequate to satisfy the judgment. However, when personal service was later obtained most of this property had been disposed of and only a portion of the judgment was satisfied. We do not consider this case authority to support appellant's position.

After reviewing the pleadings together with all summary judgment evidence, we are convinced the appellee was entitled to a judgment as a matter of law. In our view Rainey did not violate the duty imposed upon him by Art. 6873, Vernon's Ann. Texas St.

Having considered all of appellant's points of error, we are of the opinion they reflect no reversible error. The judgment of the trial court is affirmed.