DIVERSIFIED INSURANCE MANAGEMENT, INC. and John H.
Walters, Appellants,

v.

Ray PHAGAN, Appellee.

No. 18141.

Court of Civil Appeals of Texas,
Fort Worth.

Nov. 1, 1979.

E. B. Fuller, Austin, for appellants.

Tark Cook, James G. Baker, Perryton, for appellee.

OPINION

HUGHES, Justice.

Diversified Insurance Management, Inc., and John H. Walters, plaintiffs, have appealed from a take nothing judgment rendered in favor of a sheriff of Ochiltree County, Texas, Ray Phagan, now deceased. Diversified had sought to obtain a judgment against Phagan for breach of duty in failing to levy under execution on their Tarrant County judgment when instructed by them to do so.

We affirm.

This is a case involving:

1. Two orders of execution presented for levy to the late sheriff of Ochiltree County, Ray Phagan; both against North Texas Royal Investment Corporation.

2. The first execution placed in Phagan's hands at 8:30 a. m., October 14, 1974, was on the Randall County judgment of Tark Cook and John Scott.

3. The second execution was received at 3:30 p. m. October 14, 1974, and was on a Tarrant County judgment of Diversified.

4. Phagan levied on a wheat certificate on November 6, 1974, after the district court of Ochiltree County on November 4, 1974 held that such certificate was the property of North Texas Royal.

5. Phagan, in answer to interrogatories, said he levied on the Randall County execution because he received it before the Tarrant County execution.

6. The wheat certificate was sold and a cashier's check was given to Cook and Scott, such check being now held by the sheriff of Ochiltree County by agreement.

Diversified's case rests upon whether or not Phagan, as sheriff, was guilty of a breach of duty under Tex.Rev.Civ.Stat.Ann. art. 6873 (1960) and art. 3825 (1966).

"Art. 6873—*Shall execute process* states as follows:

"Each sheriff shall execute all process and precepts directed to him by legal authority, and make return thereof to the proper court, on or before the day to which the same is returnable; and any sheriff who shall fail so to do, or who shall make a false return on any process or precept shall, for every such offense, be liable to be fined by the court to which such process is returnable, as for a contempt, not exceeding one hundred dollars at the discretion of the court, which fine shall go to the county treasury; and such sheriff shall also be liable to the party injured for all damages he may sustain."

"Art. 3825—*Failure to levy or sell* states as follows:

"Should an officer fail or refuse to levy upon or sell any property subject to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days previous notice thereof being given to said officer and his sureties."

The early case of *Lyendecker v. Martin*, 38 Tex. 287 (1873) held that a sheriff was not liable on his bond "for failing to make the money on an execution in his hands" unless the plaintiff established that the sheriff received the execution in time to make the money; that he was required to make the levy at a time he had the power to do so, and that he failed to make such a levy.

The gist of Diversified's appeal is that Phagan was told (by letter from them dated October 29) to levy on the wheat certificate the first day it became available for execution which was on November 4; then waited until November 6 to levy on Cook's execution at Cook's request.

Findings of fact and conclusions of law were made by the trial judge. Those pertinent to this appeal read:

"10. That the Sheriff received no special instruction from Mr. Tark Cook, but Mr. Fuller told him to hold the execution until further notice or orders.

" . . .

"13. That on the 4th day of November, 1974, North Texas Royal Investment Company through one of its officers received a wheat certificate representing grain which became the property of the corporation.

"14. That on the 6th day of November, 1974, the Sheriff levied on the wheat certificate which was then the property of North Texas Royal Investment Corporation."

Edwin Fuller, attorney for Diversified, admitted from the witness stand that there was testimony that the Cook execution got to Phagan before Diversified's execution. He further testified to instructing the sheriff to wait until further notice before he executed Diversified's execution and that both judgments here in question were legally valid.

Cook testified that he did not recall giving the sheriff any instructions concerning the execution when he delivered it to him other than "here it is". Testimony of Edward Atkinson, lawyer for Pletcher, former litigant now stakeholder, was that Phagan told him that both Cook and Fuller gave him the same instruction "please hold until I further advise you". He further testified that he followed the instructions "that he merely hold them in his file", pending receipt of either Fuller or Cook. "The Sheriff stated that he first heard from Mr. Cook, . . . . And to the best of my recollection the sheriff said that Mr. Cook and two

other men came to his office and asked him to levy on property under the execution furnished by Mr. Cook, and that he did so, in conformance with the request."

There is other testimony in the record purporting to support Diversified's contentions but we hold that there is sufficient testimony to support the findings of fact found by the trial court. We cannot substitute our findings of fact for the trial court where the record has enough evidence of probative nature to sustain trial court's findings. *Warner v. Irving Lumber Co.*, 584 S.W.2d 893 (Tex.Civ.App.—Dallas 1979, no writ); *Cavanaugh v. Davis*, 149 Tex. 573, 235 S.W.2d 972 (1951). We overrule point of error 1.

We also overrule points of error 2 and 5 because the amended findings of fact and conclusions of law did, in fact, include the findings complained of as being omitted.

We overrule point of error 3 because conclusions number 16 and 25 complained of are supported by the evidence. Number 16 concluded that the sheriff complied with all applicable statutes and rules of civil procedure in the levy and later execution sale. Number 25 concluded that the sheriff committed no official breach of any duty imposed by law.

Diversified claimed that Tex.R.Civ.P. 637 was violated by the sheriff because he did not levy on Diversified's execution on November 4 and waited until November 6 to levy on Cook's execution.

Tex.R.Civ.P. 637 provides in pertinent part that when execution is delivered to an officer he shall proceed without delay to levy the same upon the property of the defendant.

Tex.R.Civ.P. 636 provides that when an officer receives more than one on the same day against the same person he shall number them as received.

24 Tex.Jur.2d *Executions* § 58, p. 531 (1961), says "when he has in his hands two or more executions, he must enforce them in the order that he received them".

The sheriff in this case indisputably levied on the only property of North Texas known to exist and did so within two days of its becoming available to levy. Trial court had sufficient evidence to determine the levy on Cook's execution as proper. In any case, the property was secured and sold with the proceeds held subject to further determination by a trial court to determine whether Diversified is entitled to any or all of it. Wherein is Diversified injured? The funds are intact and should the trial court determine an interest in Diversified, they will be available to it. All of the cases cited by Diversified in connection herewith have to do with property being disposed of while a valid execution was in the hands of an officer. That is apparently not the case here.

We overrule point of error 4 which avers that the sheriff failed to prove and plead his defense. Sheriff in his original answer, paragraph 4, specially pleaded that he was holding the proceeds of the sale of wheat set out in plaintiff's petition, pending a judicial determination of the proper recipient therefor. We hold this sufficiently pleads an affirmative defense as required by the holding in *Mooney v. Producers Grain Co.*, 531 S.W.2d 699 (Tex.Civ.App.—Amarillo 1975, no writ). We also hold the testimony already recounted as sufficiently supporting same.

Affirmed.