Affirmed, and Opinion filed April 23, 1980.

B 9524

SEVEN ELVES, INC., ET AL, Appellants

NO. A2322                    VS.

GRANT PLAZA HUNTSVILLE ASSOCIATES, Appellee

- - - - -

Appeal from 12th District Court
of Walker County

DEPUTY

BY GARSON R. JACKSON, CLERK

JUN 1 7 1980

U.S. TEX
IN SUPREME COURT

FILED

- - - - -

This is a venue case.  Grant Plaza Huntsville
Associates (appellee) sued Seven Elves, Inc., Gary Woodall
and Charles Friday in Walker County seeking a joint and
several judgment on a claim for damages based upon a written
lease agreement and a written guaranty.  Each defendant filed
a plea of privilege to be sued in Harris County.  Appellee
filed a controverting affidavit alleging that sections 5, 23
and 29a of Article 1995, TEX. REV  CIV  STAT. ANN. (Vernon
1964) applied and that venue was proper in Walker County.
After a hearing to the court, the trial court denied the
pleas of privilege.  Seven Elves, Woodall and Friday appeal
from this ruling.

On August 1, 1974 Seven Elves executed a lease as
a tenant for a shopping center space in Huntsville, Walker
County.  The lease was for a five year period ending November
30, 1979.  Appellants Woodall and Friday executed a written
guaranty as part of the lease agreement, in which they guaranteed
the performance of the obligations and payment of rent.  Eltinge,
Graziadio and Sampson Development Company was the original lessor,
but subsequently assigned its interest to American Villages, Inc.,
a California corporation.  American Villages then assigned its
interest to appellee.

Appellant urges that section 23 of article 1995 is insufficient to maintain venue in Walker County as to Seven Elves. We disagree. Section 23 states in part that: "Suits against a private corporation, association, or joint stock company may be brought ... in the county in which the cause of action or part thereof arose...." The main issue that we must decide is whether the cause of action or part thereof arose in Walker County. The Supreme Court has held that "either some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, must have occurred in the county where the suit is brought." Stone Fort National Bank of Nacogdoches v. Forbess, 91 S.W.2d 674, 676 (Tex. Sup. 1936). Seven Elves leased premises in Walker County and, eventually, abandoned the premises and failed to perform other obligations there. The transaction creating the right and relating to the breach of that right has its genesis in the leasing of the premises in Walker County. See Lubbock Manufacturing Co. v. Sames, 23 Tex. Sup. Ct. J. 319 (April 9, 1980). Thus, the evidence supports the implied finding of the trial court that some part of the transaction creating the primary right and relating to the breach of that right arose in Walker County.

Since we hold that venue is proper as to Seven Elves under section 23, we must next consider whether venue is proper as to appellants Woodall and Friday. Section 29a provides that:

> 29a. Two or more defendants.—Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto.

To maintain venue in Walker County as to Woodall and Friday, they must be "necessary parties" within the meaning of section 29a. A necessary party is one whose joinder is necessary to give plaintiff the complete relief to which he is entitled in the suit which can be maintained in that county. Ladner v. Reliance Corp., 293 S.W.2d 758 (Tex. Sup. 1956). We recognize that the area of law dealing with necessary parties has been in a state of flux. Some courts have held to the contrary, but we believe that guarantors, in a suit against the principal obligor and in which plaintiff may be entitled to a joint judgment, are necessary in order to give the plaintiff the full relief to which he is entitled. See Willis v. Victoria Bank & Trust Co., 76 S.W.2d 532 (Tex. Civ. App.- Beaumont 1934, no writ). Furthermore, the Supreme Court has stated that a plaintiff cannot get the full relief to which it is contractually entitled, a joint as well as a several judgment, against both surety and principal, unless both are sued in the same action. Ramey & Mathis v. Pitts, 230 S.W. 2d 211 (Tex. Sup. 1950).

In view of our holdings on sections 23 and 29a, it is not necessary to consider the question of whether venue could be sustained on the basis of section 5. The judgment of the trial court is affirmed.

Affirmed.

/s/ J. Curtiss Brown
Chief Justice

Judgment rendered, and Opinion filed April 23, 1980.

Panel consists of Chief Justice Brown and Associate Justices Miller and Pressler.

- 3 -

THE STATE OF TEXAS  X

COUNTY OF HARRIS  X

I, THELMA MUELLER, Clerk of the Court of Civil Appeals, Fourteenth Supreme Judicial District of Texas, at Houston, do hereby certify that the preceding __3__ page,s contain a true and correct copy of __Court's__ opinion rendered April 23, 1980

in Cause No. __A2322__ , _____

__SEVEN ELVES, INC., ET AL, Appellants__

VS. _____

__GRANT PLAZA HUNTSVILLE ASSOCIATES, Appellee.__

from _____Walker_____ County, and now on file in my office.

TO CERTIFY WHICH, I hereunto set my hand and affix the Seal of Said Court, at Houston, this the __13th__ day of __June__ , A.D. 19 __80__ .

_____
Clerk

By _____
XXXXXXX

No. A2322

# IN 14TH COURT
# OF CIVIL APPEALS
### HOUSTON

SEVEN ELVES, INC., ET AL.,

Appellants

vs.

GRANT PLAZA HUNTSVILLE ASSOCIATES,

Appellee

CERTIFIED COPY OF
COURT'S OPINION

THELMA MUELLER, CLERK

BE IT REMEMBERED

THAT at the term of the Honorable Court of Civil Appeals for the 14th Supreme Judicial District of the State of Texas, begun and holden at Houston on the 1st Monday of October, A. D. 19 79 , present J CURTISS BROWN, Chief Justice and Associate Justices GEROGE E MILLER and PAUL PRESSLER.

B 9524

In the cause

SEVEN ELVES, INC , ET AL                                    Appellant S ,

No. A2322

vs.

From Walker                                    County

Tr Ct # 13,308

Opinion by CJ J Curtiss Brown

GRANT PLAZA HUNTSVILLE, ASSOCIATES

Appellee ,

the following judgment was rendered April 23, 1980

"This cause, being an appeal from the order overruling plea of privilege rendered by the court below and entered on October 26, 1979, came on to be heard on the transcript of the record, and the same being inspected, because it is the opinion of this Court that there is no error in the order, it is therefore considered, adjudged and ordered that the order of the court below be affirmed in all things. It is further ordered that the appellants, Seven Elves, Inc., Gary R Woodall and Charles M Friday, and their surety Reliance Insurance Company, pay all costs incurred by reason of this appeal. It is further ordered that this decision be certified below for observance "

FILED
IN SUPREME COURT
OF TEXAS

JUN 1 7 1980

GARSON R. JACKSON. CLERK

BY_____DEPUTY

I, THELMA MUELLER, Clerk of the Court of Civil Appeals for the 14th Supreme Judicial District of Texas, at the City of Houston, hereby certify that the foregoing is a true copy of judgment entered herein by this Court in the above entitled and numbered cause as appears of record in Minute Book 2 , Page 588.

IN WITNESS WHEREOF, I, hereunto set my hand and affix the seal of said Court at Houston this 13th day of June A. D. 19 80

THELMA MUELLER, Clerk

By Thelma Mueller DEPUTY

BE IT REMEMBERED

THAT at the term of the Honorable Court of Civil Appeals for the 14th Supreme Judicial District of the State of Texas, begun and holden at Houston on the 1st Monday of October, A. D. 19_79_, present J CURTISS BROWN, Chief Justice and Associate Justices GEROGE E MILLER and PAUL PRESSLER.

In the cause

SEVEN ELVES, INC., ET AL                                    Appellant s ,

No.    A2322

vs.

From        Walker                County

Tr Ct # 13,308

Opinion by CJ J Curtiss Brown

GRANT PLAZA HUNTSVILLE, ASSOCIATES                          Appellee ,

the following order was rendered May 14, 1980

"It is ordered that appellants' motion for rehearing be over-ruled."

I, THELMA MUELLER, Clerk of the Court of Civil Appeals for the 14th Supreme Judicial District of Texas, at the City of Houston, hereby certify that the foregoing is a true copy of    order entered              herein by this Court in the above entitled and numbered cause as appears of record in Minute Book  2         , Page  597

IN WITNESS WHEREOF, I, hereunto set my hand and affix the seal of said Court at Houston this____13th____day of____June_____A. D 19_80_

THELMA MUELLER, Clerk

By____Thelma Mueller_____ Deputy

THE STATE OF TEXAS ){

COUNTY OF HARRIS ){

I, THELMA MUELLER, Clerk of the Court of Civil Appeals for the Fourteenth Supreme Judicial District of the State of Texas, at Houston, do hereby certify that the $ 25.00 required by Rule 388-A, R.S. Article 3924-1 was __paid by John F Schaffer, attorney for the__ __appellants.__

In Cause No. A2322 ,

SEVEN ELVES, INC , ET AL, Appellants

VS.

GRANT PLAZA HUNTSVILLE ASSOCIATES, Appellee

From Walker County.

TO CERTIFY WHICH, I hereunto set my hand and affix the Seal of said Court of Civil Appeals, at Houston this the

13th day of June ,19 80 .

Clerk

By XXXXXXX

SUPREME COURT NO ------------------------------

No. A2322 _____              14th DISTRICT

SEVEN ELVES, INC , ET AL
--------------------------------------------------
                Petitioner
                   vs.

GRANT PLAZA HUNTSVILLE ASSOCIATES
--------------------------------------------------
                Respondent

# TRANSCRIPT

FROM THE

## 14th Court of Civil Appeals

AT

# HOUSTON

THELMA MUELLER, Clerk