# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00439-CV

**The City of Austin, Appellant**

**v.**

**Amy-Marie Howard, Individually and as Next Friend of D. A., a Minor, and as a Representative of The Estate of Johnathon Aguilar, and on Behalf of All Those Entitled to Recover Under the Texas Wrongful Death Act For The Death of Johnathon Aguilar and Nanette Mojica, Individually, Appellees**

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-007467, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

## DISSENTING OPINION

For the reasons explained below, I respectfully dissent from the Court's analysis of the causation issue and its conclusion that the appellees' pleadings do not sufficiently allege proximate cause.

In a case in which the sufficiency of the pleadings is challenged, the plaintiffs are required to establish only that they have "*alleged facts* that affirmatively demonstrate the court's jurisdiction to hear the cause." *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (emphasis added). When determining whether the plaintiffs have met this burden, we liberally construe their pleadings, taking all factual assertions as true, and look to the plaintiffs' intent. *Texas Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020). If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not

affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226-27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id.*

I disagree that the City has shown that the appellees' pleadings affirmatively negate the existence of jurisdiction. As the Court acknowledges, proximate cause is generally a question for the factfinder unless reasonable minds could not differ about whether it exists. *Arkansas Fuel Oil Co. v. State*, 280 S.W.2d 723, 729 (Tex. 1955) (holding that State's antitrust case should be dismissed because State's pleading, which pleaded all its evidence, did not present fact issue when State's pleading of circumstantial evidence could not establish existence of artificial price structure). Here, the City has presented no evidence to contradict the appellees' allegations that Aguilar's death was caused by former Officer Spradlin's use of a noncompliant duty belt lacking keepers—an integral safety component—which failed to work properly, causing Spradlin to interrupt his restraint of Woodburn, a violent suspect, who then escaped and killed Aguilar in less than three minutes. Instead, the City attempts to analogize to other cases to establish as a matter of law that the condition or use of the duty belt did not cause Aguilar's death.

When viewing the alleged facts in the appellees' favor, as we must, I would conclude that those facts are more analogous to cases where courts concluded that the plaintiffs alleged sufficient facts to allow a factfinder to make the ultimate determination on both foreseeability and cause in fact. Although the Court focuses its analysis primarily on foreseeability, it first concludes that "[a] reasonable person could not conclude that Aguilar's death was the natural and probable result of the duty belt's failure to stay put," meaning that the appellees have not sufficiently alleged cause in fact. (Slip op. at 6.) I disagree with this conclusion. The

2

City does not dispute that Woodburn was an aggressive and violent person who had attacked one of the coffee shop's customers and had then been restrained by multiple other customers until Spradlin arrived and began to handcuff Woodburn. Spradlin admitted during the City's internal investigation that the purpose of keepers is to keep the belt from coming completely off the waist and that without them it will fall off.[1] He admitted that he lost his focus on Woodburn when his belt fell off and did not attempt to stop Woodburn from leaving the coffee shop. Woodburn went next door and killed Aguilar within three minutes of Spradlin's belt falling off. Thus, I would conclude that the appellees have adequately alleged that the condition or use of the duty belt "serve[d] as 'a substantial factor in causing the injury and without which the injury would not have occurred.'" *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 929 (Tex. 2015) (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 774 (Tex. 2010) (citation omitted)). "Cause in fact is essentially but-for causation." *Id.* For example, in *Ryder*, the pleadings alleged that a vehicle collision would not have occurred but for a deputy sheriff's driving his cruiser toward oncoming traffic during a traffic stop, which caused the cruiser's lights to blind and distract another driver, who then crashed into the stopped vehicle. *Id.* The Texas Supreme Court concluded these allegations easily satisfied the standard for alleging the cause-in-fact prong of proximate cause. *Id.* Here, but for the duty belt's failure, there would have been no interruption of Spradlin's restraint of Woodburn, whose escape resulted almost immediately in Aguilar's death. To me, the appellees have sufficiently alleged facts that support the cause-in-fact prong of proximate cause.

---

[1] As the Court notes, the appellees included additional facts in their response to the City's plea to the jurisdiction that they had obtained from the City's production of documents related to the City's internal investigation of the incident. The appellees indicated their intent to plead these additional facts in an amended petition.

I also disagree with the Court's conclusion that a reasonable person could not foresee that the duty belt's "failure might cause the kind of harm that Aguilar suffered." (Slip op. at 6.) The keepers on a duty belt are designed to keep a police officer's belt containing his taser, gun, and other equipment around his waist. If that belt falls off during an officer's restraint of a suspect, especially a violent suspect, in my opinion, it is easily foreseeable that the suspect may escape and harm or kill someone while the officer is distracted by the loss of the belt, not to mention that the suspect could take control of the officer's belt and use the gun or taser to injure or kill the officer or another innocent bystander. The law does not require foreseeability of the exact sequence of events that cause the harm. "Foreseeability requires only 'that the injury be of such a general character as might reasonably have been anticipated; and that the injured party should be so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen.'" *Ryder*, 453 S.W.3d at 929 (quoting *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 551 (Tex. 1985)).

Similarly to the City here, the defendant in *Ryder* argued that the officer's use of his vehicle when turning around merely furnished the condition that made the death possible. *Id.* There the pleadings alleged that "a reasonable peace officer could have foreseen that driving westbound near an eastbound shoulder at night—with headlights and emergency lights illuminated—might confuse drivers, disrupt traffic, and lead to a collision much like the one that ultimately occurred." *Id.* The Texas Supreme Court concluded that "the alleged harm is of the very character that might reasonably have been anticipated," and thus "[u]pon consideration of these allegations, a reasonable juror might find the requisite nexus between the use of [the deputy's] vehicle and any injuries suffered . . . ." *Id.* I would reach the same conclusion in this case—that the alleged harm is of the very character that might have reasonably been anticipated

4

and thus a reasonable juror might find the requisite nexus between the use of the duty belt and Aguilar's death.

The Court concludes that as a matter of law Aguilar's death is an injury that is too causally attenuated from the alleged condition or use of the duty belt for the duty belt's condition or use to be a proximate cause of Aguilar's death. (Slip op. at 7.) In all the condition-or-use cases that the Court relies upon to support this conclusion, the courts concluded that the condition or use of property at issue merely furnished the condition that made the injury possible, and all involved the death or injury of someone whose own actions were also a cause of their injury or death, which is not the case here. *See, e.g.*, *City of Dallas v. Sanchez*, 494 S.W.3d 722, 727 (Tex. 2016) (malfunctioning 9-1-1 system that contributed to misidentified apartment number was not proximate cause of overdose death); *Dallas Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998) (unlocked door at mental-health center was not proximate cause of escaped patient's suicide by stepping in front of truck on freeway half mile away); *City of Austin v. Anam*, 623 S.W.3d 15, 19 (Tex. App.—Austin 2020, no pet.) (officer's failure to fasten seatbelt on handcuffed suspect in vehicle was not proximate cause of suspect's shooting himself with gun in his possession); *Pakdimounivong v. City of Arlington*, 219 S.W.3d 401, 412 (Tex. App.—Fort Worth 2006, pet. denied) (improper application of handcuffs and leg restraints on suspect being transported in police vehicle was not proximate cause of his kicking out car's window and throwing himself through window and onto highway). While I do not disagree that there are some cases in which a defendant's conduct may be too causally attenuated from a plaintiff's injury to constitute proximate cause, *see Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477-78 (Tex. 1995) (affirming summary judgment in favor of defendant because Boys Club proved as matter of law that its failure to investigate, screen, or supervise volunteer with criminal record for

5

driving while intoxicated was not proximate cause of volunteer's sexual assault of plaintiffs), I disagree that the City has established as a matter of law that the duty belt's failure is too causally attenuated in this case. *See Ryder*, 453 S.W.3d at 929-30 (concluding that "the allegations suggest that [the deputy's] operation of his cruiser might not have been attenuated from the alleged injuries" and thus disagreeing with appellate court's conclusion that deputy's use of cruiser merely furnished condition that made injury possible). To me, the facts alleged in this case are most similar to the facts alleged in *Michael v. Travis County Housing Authority*, 995 S.W.2d 909, 914 (Tex. App.—Austin 1999, no pet.). In *Michael*, this Court found that the facts alleged—that two pit bulls escaped through a defective fence and immediately attacked the plaintiff on a nearby sidewalk in close proximity to the fence—differed from the type of attenuated causal relationship that the Texas Supreme Court determined in *Bossley* does not satisfy the requirement to allege that the use and condition of property is the proximate cause of an injury. *Id.* at 913-14 (citing *Bossley*, 968 S.W.2d at 343).

Moreover, the Court is only able to reach its conclusion that the injury is too causally attenuated from the condition or use of the belt by recasting the appellees' allegations to center them on Spradlin's "decision to resecure the belt instead of continuing to handcuff Woodburn or otherwise attempt to apprehend him." (Slip op. at 8.) But if we construe the pleadings in the appellees' favor, looking to their intent, as we must, the real substance of their claim is that it was the condition or use of the noncompliant duty belt that lacked keepers (an integral safety component), which resulted in the foreseeable consequence of the belt falling off when Spradlin was attempting to handcuff Woodburn, distracting Spradlin from the continued restraint of a violent suspect who then escaped and in less than three minutes killed someone. In my opinion, the appellees have sufficiently alleged the foreseeability of this type of harm resulting

6

from the duty belt's failure while Spradlin was restraining a violent suspect to allow the case to proceed so that a factfinder may make the fact-specific determination of whether proximate cause has been established.

In addition, the City asserts in its second issue, which the Court does not reach, that it retains immunity for the appellees' claims under the public-duty doctrine, which does not provide "recourse against the individual policeman for failing to take action to prevent or stop the commission of a crime." *Munoz v. Cameron County*, 725 S.W.2d 319, 321-22 (Tex. App.—Corpus Christi–Edinburg 1986, no writ). I would conclude this doctrine has no application here because when we construe the pleadings in the appellees' favor as required, the real substance of their allegations is that the duty belt's failure is a proximate cause of Aguilar's death because it interrupted Spradlin's restraint, not that Spradlin violated his duty to prevent or stop the commission of a crime. At most, they allege that Spradlin violated his duty to use a belt that was compliant with City policy.

Therefore, because I would affirm the trial court's order denying the City's plea to the jurisdiction, I respectfully dissent.

_____

Gisela D. Triana, Justice

Before Justices Baker, Triana, and Kelly

Filed: February 10, 2023

7